IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DONALD G. DALTON,

              Plaintiff,

v.                                                        CIVIL ACTION NO. 2:20-cv-00110

THE DOW CHEMICAL COMPANY, et al.,

              Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Complaint* (Document 1), *Defendant the Dow Chemical Company's Motion to Dismiss* (Document 11) and *Memorandum of Law in Support of Defendant the Dow Chemical Company's Motion to Dismiss* (Document 12), the *Response to the Dow Chemical Company's Motion to Dismiss* (Document 18), and the *Reply in Support of the Dow Chemical Company's Motion to Dismiss* (Document 19). For the reasons stated herein, the Court finds that the motion to dismiss should be denied.

**FACTUAL BACKGROUND**

On February 6, 2020, the Plaintiff filed a complaint against The Dow Chemical Company (Dow), Union Carbide Company (Union Carbide), and Bayer Cropscience LP (Bayer), alleging that the Plaintiff sustained serious injuries while an employee was moving a computer cart and/or filing cabinet down a flight of stairs on May 4, 2016. The dolly upon which the equipment was being moved tipped forward, falling on the Plaintiff, resulting in broken ribs and a closed head injury.

At the time of the incident, the Plaintiff was employed by Austin Industrial Specialty Services Inc., as an A-mechanic at the chemical plant. The chemical plant has been owned by Union Carbide, a wholly owned subsidiary of Dow, since April 2015. Prior to 2015, the chemical plant was owned by Bayer. As part of the sale by Bayer to Union Carbide, a phased turnover occurred in which Bayer maintained a presence, employees, and control over the day to day operations at the plant until sometime in 2016 when Dow and Union Carbide took over full operation of the plant.

The complaint further alleges that the Defendants breached a duty of care owed to the Plaintiff by failing to ensure that their employee, who was under their supervision and control, used the appropriate techniques and precautions in moving the computer cart and/or filing cabinet, and by failing to provide a safe workplace as required by state law. Based on these facts, the Plaintiff seeks relief in the form of damages for medical expenses, pain and suffering, lost wages and lost earnings capacity, loss of the ability to enjoy life, emotional distress and mental anguish, annoyance and inconvenience, scarring and disfigurement, attorney's fees, costs and expenses associated with prosecuting this action, punitive damages, and pre-judgment and post-judgment interest.

On July 17, 2020, Dow filed a motion to dismiss the complaint. On July 30, 2020, the Plaintiff filed a response in opposition. Dow filed a reply on August 6, 2020. Accordingly, the Defendant's motion to dismiss is now ripe for consideration.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or

pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

When reviewing a motion to dismiss, the Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a

legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

## DISCUSSION

In its motion and reply, the Defendant Dow argues that the complaint should be dismissed because it did not own or operate the chemical plant where the injuries occurred during the relevant time period. The Defendant argues that this case was originally brought on May 3, 2018, in the Circuit Court of Kanawha County as *Dalton v. The Dow Chemical Company, et al.*.[1] However, on December 6, 2018, the matter was removed to the United States District Court for the Southern West Virginia.[2] On September 12, 2019, the matter was voluntarily dismissed while the Plaintiff arbitrated certain claims he had brought against his employer. The Defendant further argues that when this suit was originally filed in 2018, discovery revealed that the employee that dropped the cabinet on top of the Plaintiff was neither a Dow nor a Union Carbide employee.

The Plaintiff argues that the complaint should not be dismissed, because sufficient facts have been pled to state a claim against Defendant Dow. In particular, the complaint alleges that at the time of the incident, the chemical plant was under mixed ownership, operation and control among Dow, Union Carbide, and Bayer. Because the complaint plainly alleges that Dow owned, operated, and controlled the chemical plant, the Plaintiff argues that the motion to dismiss should be denied. Furthermore, the Plaintiff argues that alternative pleading is permitted by the Federal Rules of Civil Procedure, and that alleging that Dow, Union Carbide, and Bayer alternatively controlled the chemical plant and caused injuries is sufficient.

---

1 Civil Action No. 18-c-611.
2 Civil Action No. 2:18-cv-01494.

Accepting as true all factual allegations contained in the complaint, the Court finds that the Plaintiff has stated a legally sufficient claim against the Defendant. The complaint states that "sometime in 2016 . . . Dow . . . took over full operation of the [chemical] plant." (Compl. at ¶ 9.) The complaint also states that "Dow . . . exercised a common right to control, which included the right to operate, maintain and make business decisions relative to the day-to-day activities at the [chemical] plant." (*Id.* at ¶ 19.) The Defendant's motion to dismiss merely rebuts the plainly pled assertion that the Defendant owned and controlled the chemical plant at the time of the incident. However, at this stage in the proceedings, the Court must accept those allegations of the complaint to be true.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the *Defendant the Dow Chemical Company's Motion to Dismiss* (Document 11) be **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 7, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA